IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD HOLLIHAN,** | : | CIVIL ACTION NO. 3:15-CV-005 |
| Plaintiff | : | |
| v. | : | (Chief Judge Conner) |
| **PENNSYLVANIA DEPARTMENT OF CORRECTIONS,** *et al.*, | : | |
| Defendants | : | |

# ORDER

AND NOW, this 18th day of September, 2015, upon consideration of plaintiff Richard Hollihan's ("Hollihan") motion (Doc. 2) for class certification, wherein Hollihan seeks certification of a class comprising "[a]ll persons who are currently incarcerated in a Pennsylvania Department of Corrections [("DOC")] facility who have been diagnosed with a serious eye condition, which absent surgical intervention will cause serious visual impairment in the afflicted eye, and who have been refused necessary surgical treatment by the [DOC] or its staff, pursuant to a policy or practice of denying surgery to inmates who have one better-seeing eye," (id. at 1), and further upon consideration of defendants' briefs (Docs. 27, 40) in opposition, wherein defendants assert that Hollihan proffers insufficient evidence to satisfy the class certification requirements of Federal Rule of Civil Procedure 23, FED. R. CIV. P. 23; (Doc. 27 at 3-11; Doc. 40 at 4-8), and request the court to deny Hollihan's motion, or, in the alternative, to afford the parties an opportunity to engage in fact discovery, (Doc. 40 at 7), and the court noting that Hollihan responds in his reply brief (Doc. 32) that he "would be amenable" to said requested discovery,

(id. at 10), and it appearing that pursuant to Rule 23, Hollihan must establish that "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class," FED. R. CIV. P. 23(a), and that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole," id. (b)(2), and it further appearing that a district court which certifies a class "must make a factual determination, based on the preponderance of the evidence, that Rule 23's requirements have been met," Marcus v. BMW of N. Am., LLC, 687 F.3d 583, 596 (3d Cir. 2012); see In re Hydrogen Peroxide Antitrust Litig., 552 F.3d 305, 316 (3d Cir. 2008) ("The court may delve beyond the pleadings to determine whether the requirements for class certification are satisfied."); Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 259 F.3d 154, 166 (3d Cir. 2001) ("A class certification decision requires a thorough examination of the factual and legal allegations."), and the court noting that allowing the parties time for discovery as to class certification may "be necessary for sound judicial administration," Weiss v. Regal Collections, 385 F.3d 337, 348 (3d Cir. 2004); see Inmates of Northumberland Cty. Prison v. Reish, No. 08-CV-345, 2008 WL 2412977, at *2-4 (M.D. Pa. June 11, 2008) (denying plaintiff's motion for class certification and ordering class discovery), and that control of the discovery process is committed to its discretion, see In re Orthopedic Bone Screw Prod. Liab. Litig., 264 F.3d 344, 365 (3d Cir. 2001) (noting

that the Court of Appeals reviews "questions concerning the scope or opportunity for discovery" for abuse of discretion), and the court finding that Hollihan asserts that "the class consists of scores, if not hundreds of inmates with serious eye conditions" and alludes broadly to the ocular infirmities of the aging prison population, (Doc. 3 at 11), but fails to adduce (1) evidence demonstrating that members of the putative class exist, or (2) a reasonable estimate of the class's population, see Marcus, 687 F.3d at 596 ("[I]n the absence of direct evidence, a plaintiff must show sufficient circumstantial evidence specific to the . . . problems, parties, and geographic areas actually covered by the class definition to allow a district court to make a factual finding [regarding the identity and population of the putative class]."); Stewart v. Abraham, 275 F.3d 220, 226-27 (3d Cir. 2001) ("[G]enerally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23(a) has been met."); Reish, 2009 WL 8670860, at *15 (Mar. 17, 2009) (finding evidence regarding the pervasive nature of certain medical problems alleged in the suit sufficient to satisfy Rule 23(a)(1)), and the court concluding that, in light of the paucity of evidence undergirding the instant motion, it is unable to determine whether the requirements for class certification have been met, see Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 160

(1982) ("[A]ctual, not presumed, conformance with Rule 23(a) remains . . . indispensable."), it is hereby ORDERED that:

1. The motion (Doc. 2) for class certification is DENIED without prejudice.

2. Beginning on the date hereof, the parties shall be permitted to engage in discovery limited to the issue of class certification. Said discovery must be completed **on or before November 20, 2015**.

3. Plaintiff shall be permitted to file a motion for class certification following the close of class discovery. Any such motion shall be submitted **on or before December 15, 2015**.

4. Notwithstanding the directive set forth in paragraph 2, discovery in the above-captioned matter otherwise remains STAYED pending further order of court.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania